UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERICA O'DWYER and<br>BRAD O'DWYER | CIVIL ACTION NO. 2:23-cv-974 |
| *Plaintiffs,* | SECTION: "     " |
| v. | MAGISTRATE JUDGE: |
| CERTAIN UNDERWRITERS AT<br>LLOYD'S, LONDON | |
| *Defendant* | |

## COMPLAINT AND REQUEST FOR JURY TRIAL

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Erica O'Dwyer and Brad O'Dwyer (hereinafter sometimes referred to as "Plaintiffs" or "O'Dwyers"), who file this Complaint against Defendant, Certain Underwriters at Lloyd's, London (hereinafter sometimes referred to as "Defendant" or "Lloyd's"), and in support thereof respectively aver as follows:

## PARTIES

1.

Plaintiffs are citizens of the State of Louisiana and are the full age of majority.

2.

Defendant, Lloyd's, is a foreign insurance company, domiciled in New York, with its principal place of business in New York, is authorized to do and doing business in Jefferson Parish, State of Louisiana. Defendant, at all material times hereto, provided Homeowners Insurance Coverage to Plaintiffs for their home located at 9 Ranier Street, Kenner, Louisiana 70065.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interests and costs and is between citizens of different states.

4.

This Court has personal jurisdiction over Defendant, because it conducts business in the State of Louisiana, and it has sufficient minimum contacts in this State.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6.

Plaintiffs obtained a Homeowners insurance policy from Defendant for the period of November 22, 2020, to November 22, 2021, identified as Policy No. VBRT599333R3 ("Policy").

7.

Pursuant to the terms and conditions of the Policy, Plaintiffs are entitled to coverage against certain perils associated with certain storms, including, but not limited to, windstorms, in the event that the buildings, structures, equipment, and contents owned by the Plaintiffs, located on the premises should become damaged or rendered a total loss as a result of such insured perils.

8.

At all times material hereto, the Policy was in full force and effect and the annual premium had been paid in full.

9.

On or about August 29, 2021, Hurricane Ida made landfall in Grand Isle, Louisiana, and struck Kenner, Louisiana as a strong category 3 hurricane, bringing with it the devasting winds and rain.

10.

The O'Dwyers' home sustained damages to their dwelling, other structures, and contents as a result of Hurricane Ida. Further, due to the above-mentioned damages and evacuation orders, Plaintiffs herein have also suffered damages related to additional living expenses.

11.

Shortly after the storm passed, Plaintiff's registered claims with Defendant for the damage sustained to their home/insured property. However, payment for Plaintiffs' claims were wrongfully withheld and/or delayed because Defendant herein improperly adjusted the damages by grossly under-valuing the damages and costs of repair. Further, payments that were made by the defendant herein were not timely paid within the 30 or 60 day requirements of La. Rev. Stat. 22:1973 and LA. Rev. Stat. 22:1892, *et seq*.

12.

Sufficient proofs of loss were presented to Defendant in accordance with the terms and conditions of the Policy.

13.

Defendant failed and/or refused to honor the terms and conditions of the Policy, and in doing so, breached its contractual obligations to Plaintiffs.

14.

Defendant arbitrarily and capriciously delayed, denied, and refused full payment of the claim within sixty (60) days of receipt of sufficient proofs of loss. Consequently, Plaintiffs suffered damages in the amount of full, fair, and just compensation for their actual losses which have never been paid.

15.

The Policy insured against damages to covered property, other structures, contents, etc., resulting from windstorm, rain, etc. unless otherwise excluded. None of the exclusions in the Policy apply to preclude coverage for the damages sustained by the plaintiffs herein.

16.

Defendant has acted in bad faith by arbitrarily, capriciously and without good cause refused to pay the Plaintiffs for the damages to their home/insured property, and, as a result, Plaintiffs are entitled to penalties, damages, and attorneys' fees pursuant to La. Rev. Stat. 22:1973 and LA. Rev. Stat. 22:1892, *et seq*.

17.

Plaintiffs allege amicable demand, but to no avail.

18.

Plaintiffs are entitled to and hereby demand trial by jury.

19.

**WHEREFORE**, Plaintiffs, Erica O'Dwyer and Brad O'Dwyer, pray that Defendant, Certain Underwriters at Lloyd's, London, is duly served with a Summons, Notice, and copy of this Complaint and Request for Jury Trial and, after due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs, Erica O'Dwyer and Brad O'Dwyer, and against Defendant, Certain Underwriters at Lloyd's, London, for all damages sustained, as addressed above, bad faith damages for breach of the statutory duties described above, bad faith damages for breach of the Defendant's duty of good faith and fair dealing, and penalties, attorneys' fees, together with legal interest (pre-judgment and post-judgment) from the date of demand, until paid, and for all costs associated with these proceedings, expert fees and costs, and all other damages Plaintiffs are entitled to.

Plaintiffs further pray for such other and further relief as may be proper and this Honorable Court is competent to grant.

Respectfully submitted,

*/s/ Erik L. Vollenweider*

ERIK L. VOLLENWEIDER, #35364
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300

NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290
elv@lcba-law.com
*Counsel for Plaintiffs,*
*Erica O'Dwyer and Brad O'Dwyer*
